IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE CADLE COMPANY, | § | |
| | § | |
| Plaintiff-Appellant, | § | |
| v. | § | Civil Action No. 3:06-CV-257-L |
| | § | |
| JACK E. PRATT, JR., | § | |
| | § | |
| Defendant-Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Appellant The Cadle Company's appeal of the bankruptcy court's order denying Cadle's Motion for Sanctions Against Richard Schiro (counsel for Jack E. Pratt, Jr.). The issues presented on appeal are whether the bankruptcy court erred in failing to grant Cadle's Motion for Sanctions Against Richard Schiro, and in awarding Richard Schiro attorney's fees and expenses related to defending against Cadle's Motion for Sanctions. After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms in part and reverses in part** the bankruptcy court's decision. The court **affirms** the bankruptcy court's denial of Cadle's Motion for Sanctions Against Richard Schiro, and **reverses and remands** the bankruptcy court's decision to award attorney's fees and expenses to Richard Schiro.

**I.      Factual and Procedural Background**

In order to fully understand the issue on appeal, a brief recitation of the factual background is necessary. Jack E. Pratt, Jr. ("Pratt Jr.") was the son of Jack E. Pratt, Sr. ("Pratt Sr.") and Crystal Aileen Pratt ("CA Pratt"). In 1980, Pratt Sr. and CA Pratt divorced. In or around 1991, CA Pratt formed CA Pratt Partners, Ltd. ("CAPP") for estate planning purposes. Pratt Jr. had a limited partnership interest in CAPP, which he later assigned to Pratt Sr. in exchange for cancellation of

**Memorandum Opinion and Order - Page 1**

debt. During her lifetime, CA Pratt provided Pratt Jr. with money (sometimes referred to as the "CA Pratt Advances"). She executed a Last Will and Testament, dated November 16, 1992, which created various trusts, including the Pratt Jr. Trust. C.A. Pratt died on April 2, 1996. Pratt Sr. was appointed independent executor of the will, as well as trustee of the Pratt Jr. Trust. Pratt Sr. as executor provided funds to and for the benefit of Pratt Jr. from CA Pratt's estate (sometimes referred to as "Estate Advances").

In 1999, Pratt Jr. was insolvent and indebted to numerous creditors. In or around that time, Pratt Sr. held a meeting with his children and showed them a "Final Distribution Recap" setting forth amounts available to be distributed to the heirs of CA Pratt. He told them that if they owed their mother money when she died, amounts they owed would be offset from any money received under the will.

### A.     The Pratt Jr. Adversary Proceeding

On August 16, 2000, Pratt Jr. filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. He was represented by Richard B. Schiro ("Schiro"). One of his bankruptcy creditors was The Cadle Company ("Cadle"), who had purchased two judgments against him several years previously. Scott Seidel was appointed as Chapter 7 trustee (the "Seidel trustee"). On December 14, 2000, Cadle filed an adversary action against Pratt Jr. styled *The Cadle Company v. Jack E. Pratt, Jr.*, Adversary No. 00-3600, objecting to Pratt Jr.'s bankruptcy discharge pursuant to 11 U.S.C. § 727(a) (the "Pratt Jr. Adversary Proceeding"). At Pratt Jr.'s deposition, when Cadle inquired as to his assets, he testified that he received nothing from his mother's estate because he owed her money when she died, and Pratt Jr.'s distributions under the will were reduced by amounts he owed his mother, which exceeded the amount of the distributions. Pratt Jr. died on December

**Memorandum Opinion and Order - Page 2**

24, 2000, ten days after the adversary proceeding was filed. His estate was substituted, and the adversary proceeding continued. In its Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727(a), Cadle asserted that Pratt Jr.'s discharge should be denied because, among other things, he never disclosed a right to payments under the will or through the Pratt Jr. Trust. Cadle contended that Pratt Jr. either received distributions under the will which he hid from creditors, or had a right to receive distributions from the Pratt Jr. Trust which he failed to disclose on his bankruptcy schedules. Schiro, on behalf of Pratt Jr., filed a motion for summary judgment in December 2001, contending that Pratt Jr. owed his mother's estate more for loans made to him during her lifetime (the CA Pratt Advances) than any distributions to which he would have been entitled. In various other depositions, Pratt Sr. and his executive assistant, Evelyn Johnstone, similarly testified that because Pratt Jr. owed his mother money when she died, he received no distributions from his mother's estate and therefore had no assets to declare in his bankruptcy case.

The adversary action was tried on October 17 and 18, 2002, before the Honorable Harold C. Abramson, United States Bankruptcy Judge for the Northern District of Texas, Dallas Division. At trial, Schiro presented the testimony of Pratt Sr. and Ms. Johnstone, who testified that Pratt Jr. was not entitled to, and did not receive, any distributions from the estate because the CA Pratt Advances (against which distributions under the will were offset) exceeded the amount of distributions to which he was entitled from the estate. At the conclusion of trial, the bankruptcy court issued narrative findings of fact and conclusions of law, and found that Cadle had failed to meet its burden of showing by a preponderance of the evidence that Pratt Jr.'s debts should be nondischargeable. Cadle appealed the bankruptcy court's decision. On March 31, 2004, this court affirmed the bankruptcy court's judgment, determining that the bankruptcy court did not commit clear error in

making its factual determinations that Cadle failed to meet its burden of showing that Pratt Jr. had the requisite state of mind to hinder, delay or defraud creditors, or to hide, conceal or secret assets from the potential creditors of his bankruptcy estate. Cadle appealed the bankruptcy court's decision, and the district court's affirmance. The United States Court of Appeals for the Fifth Circuit affirmed this court's ruling on June 3, 2005. *See In re Pratt*, 411 F.3d 561 (5th Cir. 2005). Following the decision of the Fifth Circuit, Cadle filed a Petition for Panel Rehearing, which was denied on July 7, 2005.

### B. The Pratt Sr. Adversary Proceeding

On January 31, 2003, the Seidel Trustee commenced an adversary proceeding against Pratt Sr. styled *Scott Seidel, Chapter 7 Trustee for the Bankruptcy Estate of Jack E. Pratt, Jr. v. Jack E. Pratt, Sr.*, Adv. No. 03-3163 (the "Pratt Sr. Adversary Proceeding"). On September 3, 2003, the bankruptcy court issued an order approving a transaction in which Cadle bought all the claims in the Pratt Sr. Adversary Proceeding. On August 6, 2004, the district court withdrew the reference to the bankruptcy court, and the action was assigned Civil Action No. 3:03-CV-2273-N, and styled as *The Cadle Company v. Jack E. Pratt, Sr.* In its Complaint, Cadle complained among other things that Pratt Jr.'s assignment of his interest in CAPP to Pratt Sr. was a fraudulent transfer and that Pratt Sr. had breached his fiduciary duties as executor of the estate. Prior to the close of discovery, Pratt Sr. produced all records pertaining to the administration of the estate, which revealed that the setoff was actually made from loans to Pratt Jr. from CA Pratt's estate after her death, rather than from the CA Pratt Advances. Following a trial, on July 26, 2005, the district court issued a judgment dismissing Cadle's claims with prejudice. With regard to the change in Pratt Sr. and Johnstone's explanation

as to the source of the setoff following questioning by Cadle's attorneys, the district court (Godbey, J.) stated:

> During the course of this litigation, when asked to explain the basis of the offset applied against Pratt Jr.'s distribution on June 17, 1999, Pratt Sr. said that the source of the offset was loans from CA Pratt to Pratt Jr. during CA Pratt's life, i.e., the CA Pratt Advances. It was not until review of documents provided by Cadle's counsel in the course of discovery that Pratt Sr. and Johnstone remembered that the offset in [a spreadsheet prepared by Pratt Sr. indicating the various beneficiaries and the calculations of their distribututions] was the Estate Advances, not the CA Pratt Advances. Johnstone attributed the confusion to human error; the Court accepts Johnstone's explanation.

*See* Findings of Fact and Conclusions of Law at 24, July 26, 2005, *The Cadle Company v. Jack E. Pratt, Sr.* (CA No. 3:03-CV-2273-N).[1] Cadle has appealed this judgment.

### C.    Cadle's Postjudgment Motions for Sanctions Against Schiro

Contending that Schiro violated his ethical obligations to withdraw all pleadings and inform the court regarding the change in Pratt Sr. and Johnstone's explanation as to the source of the setoff, namely, Estate Advances instead of the CA Pratt Advances, Cadle filed a Motion for Sanctions against Schiro in the bankruptcy court where the Pratt Jr. Adversary Proceeding was tried, as well as a Motion for Relief from Judgment. Cadle also filed a similar motion for sanctions against Schiro and Pratt Sr. in *The Cadle Company v. Jack E. Pratt, Sr.* (CA No. 3:03-CV-2273-N).

#### 1.    Postjudgment Motion for Sanctions in CA No. 3:03-CV-2273-N

Following the judgment dismissing its claims with prejudice, Cadle filed a motion for sanctions against Pratt Sr. and Schiro, complaining that they should be sanctioned under Fed. R. Civ. P. 11 for, in effect, "sandbagging" Cadle prior to trial by changing their position regarding the

---

[1] The court takes judicial notice of the Findings of Fact and Conclusions of Law issued by Judge Godbey on July 26, 2005 in *The Cadle Company v. Jack E. Pratt, Sr.* (CA No. 3:03-CV-2273-N). *See MacMillan Bloedel Ltd. v. The Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court.").

**Memorandum Opinion and Order - Page 5**

source of the offsets against Pratt Jr.'s distributions under the will, originally stating that the offsets were from loans made from CA Pratt during her lifetime, and now stating that the offsets were from loans made to Pratt Jr. from CA Pratt's estate following her death. *See* Cadle Appellate Brief at 16. According to Cadle, Schiro was required by Rule 11 to withdraw all pleadings in which the original theory was asserted. Cadle asserted that Shiro had access to and possession of documents relating to the administration of CA Pratt's estate and knew, or should have known, that there was no evidence supporting the original theory that the offsets were from loans made to Pratt Jr. by his mother prior to her death.

By order issued March 8, 2006, the district court (Godbey, J.) denied the motion because Cadle had failed to comply with the "service requirement" under Rule 11(c)(1)(A), which requires that a copy of the motion, not a letter (such as that served by Cadle), be served on respondent prior to its filing. *See* Order at 2. Alternatively, the district court denied the motion for sanctions since Pratt Sr. had "adequately explained his change in position." *Id.*

### 2.    Motion for Sanctions Related to Pratt Jr. Adversary Proceeding

Cadle filed a nearly identical Motion for Sanctions against Schiro in the bankruptcy court where the Pratt Jr. Adversary Proceeding was tried, as well as a Motion for Relief from Judgment. The bankruptcy court (Hale, J.), following a hearing on December 15 and 16, 2005, denied Cadle's Motion for Sanctions and Motion for Relief from Judgment. Judge Hale made the following findings regarding the Motion for Sanctions:

> The Rule 11 motion is denied. Number one, Cadle has not met the procedural requirements of Rule 9011 which are mandatory. Therefore, for these reasons alone, the motion would be denied.
>
> However, alternatively, for the reasons stated in my ruling on the motion to vacate, Mr. Pratt and Ms. Johnstone's testimony was credible and persuasive and Cadle has

> not established a Rule 11 violation. Mr. Schiro is entitled to his reasonable expenses and attorney's fees in representing himself and defending the Rule 11 motion.
>
> He should submit to this Court a fee statement and to Cadle at the same time no later than December 23. I will rule on the fees and expenses next week.

On December 23, 2005, the bankruptcy court issued a written order to the same effect. *See* Order on Sanctions. In that order, the bankruptcy court directed Cadle to pay Schiro the sum of $278.84 for his expenses and $10,334.55 for his fees, for a total payment of $10,613.39 incurred in defending himself against Cadle's Motion for Sanctions. The Order on Sanctions signed by the bankruptcy court was prepared by Schiro and adopted in full by the court. Cadle appealed Judge Hale's decision. By order issued October 26, 2006, the Hon. David C. Godbey affirmed the decision of the bankruptcy court denying Cadle's Motion for Relief from Judgment. Cadle's appeal of the bankruptcy court's decision denying its Motion for Sanctions Against Schiro is now before this court.

In a nutshell, Cadle contends that Schiro violated Rule 9011(c)(1)(A) of the Federal Rule of Bankruptcy Procedure (which tracks Fed. R. Civ. P. 11(c)(1)(A)), by failing at his ethical and professional obligations to withdraw pleadings on file with, and retract arguments made, before the bankruptcy court, district court and Fifth Circuit Court of Appeals in relation to the Pratt Jr. Adversary Proceeding. According to Cadle, Schiro violated his obligation to correct the record after he became aware, in 2005 before the trial of the Pratt Sr. Adversary Proceeding, that he had made arguments and submitted pleadings that were false regarding Pratt Jr.'s distributions under the will. According to Cadle:

> We now know, as Pratt Sr.'s own belatedly produced document[s] reflect, that Pratt Jr. received, directly or indirectly on his behalf, checks drawn from his mother's estate. Yet Schiro continues to allow pleadings to remain on file with four different courts which argue that Pratt Jr. had nothing to disclose in his bankruptcy because

> he did not receive any distributions from his mother's estate. . . . His refusal to withdraw the pleadings on file and argument before the court's at issue and choosing instead to remain mute as to why he never informed any court to date that the pleadings and argument contain false factual statements is a blatant violation of Rule 11 and an affront to the judicial system and, therefore, Mr. Schiro should be sanctioned.

Cadle Appellate Brief at 23-24. Cadle further contends that the bankruptcy court's decision to award Schiro attorney's fees and expenses "was not based on any fact or argument that appear in the record" and was therefore "clearly erroneous and an abuse of his discretion." *Id.* at 24. After setting forth the appropriate standard of review, the court will consider Cadle's arguments in turn.

## II.     Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law *de novo*. *See Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re National Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir.), *cert. denied,* 531 U.S. 871 (2000). Cadle does not argue that the bankruptcy court misunderstood or misapplied the governing bankruptcy law; rather, it contends that the court clearly erred in denying its motion for sanctions and abused its discretion in awarding Pratt Jr.'s attorney his attorney's fees and expenses associated with defending against Cadle's motion for sanctions.

A bankruptcy court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *See In re Dennis*, 330 F.3d at 701 (citation omitted). In conducting this review, the court must give due regard to the opportunity of the bankruptcy judge

**Memorandum Opinion and Order - Page 8**

to determine the credibility of the witnesses. *See id.* (citation omitted); *see also Young v. Nat'l Union Fire Ins. Co. (In re Young),* 995 F.2d 547, 548 (5th Cir. 1993) (quoting Fed. R. Bankr. P. 8013).  Fact findings are reversed only if, based on the entire evidence, the court is left with a definite and firm conviction that a mistake has been made.  *In the Matter of Young*, 995 F.2d 547, 548 (5th Cir. 1993).

**III.    Analysis**

        **A.    The Bankruptcy Court's Denial of Cadle's Motion for Sanctions Against Schiro**

The court will first address Cadle's argument that the bankruptcy court clearly erred in denying its Motion for Sanctions Against Richard Schiro.  To reiterate, the bankruptcy court denied Cadle's Motion for Sanctions for failure to comply with the requirements of Fed. R. Bankr. P. 9011(c)(1)(A), as well as on the merits, finding that Pratt Sr.'s and Johnstone's testimony (regarding the source of the setoff against the initial distribution to Pratt Jr.) was credible and persuasive and Cadle has not established a Bankruptcy Rule 9011.  Essentially, Cadle is contending that Pratt Sr.'s and Johnstone's change in testimony regarding the source of the setoff which zeroed any distribution to Pratt Jr. was material to the outcome in the Pratt Jr. Adversary Proceeding, and that Schiro should have brought this to the attention of the courts which ruled against it in that proceeding.

"Bankruptcy Rule 9011 is substantially identical to Rule 11" of the Federal Rules of Civil Procedure.  *Matter of Case*, 937 F.2d 1014, 1022 (5th Cir. 1991).  Rule 9011(c)(1)(A) of the Federal Rule of Bankruptcy Procedure provides that a motion for sanctions "may not be filed with or presented to the court unless, *within 21 days after service of the motion* . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." (Emphasis added).  The Fifth Circuit strictly construes the requirements of Rule 11, as illustrated by its decision in *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995):

**Memorandum Opinion and Order - Page 9**

> In the present case, the record indicates that plaintiffs did not serve their motion for sanctions on the defendants and defense counsel prior to filing. The "safe harbor" provision added [in 1993] to Rule 11 contemplated such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Plaintiffs did not comply with this procedural requirement.

*See also Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (affirming trial court's denial of Rule 11 sanctions because of non-compliance with its requirements). It is undisputed that Cadle never served a motion on Pratt Jr. as required under Rule 9011(c)(1)(A). Cadle contends that admonitory letters it sent Schiro on April 19, 2005 and June 23, 2005, are sufficient notice under Rule 9011. As pointed out by Pratt Jr. in his appellate brief, Cadle fails to cite any Fifth Circuit authority in support of this position, but relies primarily on a Seventh Circuit case. *See* Cadle Appellate Brief at 27 (citing *Nisenbaum v. Milwaukee County, et al.*, 333 F.3d 804, 808 (7th Cir. 2003)) ("letter" or "demand" constituted substantial compliance with Rule 11(c)(1)(A)). The bankruptcy court ruled otherwise.[2] Having examined cases from this circuit, *see supra*, as well as other circuits which strictly construe the requirements of Rule 11(c)(1)(A), the court concludes that the Seventh Circuit's decision in *Nisenbaum* is the exception, rather than the rule. *See, e.g., Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 789 (9th Cir. 2001) ("[A]lthough a defendant had given informal warnings to the plaintiffs threatening to seek Rule 11 sanctions, these warnings did not satisfy the strict requirements that a motion be served on the opposing party twenty-one days prior to filing."); *Brickwood Constrs. v. Datanet Engineering*, 369 F.3d 385, 389 (4th Cir. 2004) ("It is clear from the language that [Rule 11(c)(1)(A)] imposes mandatory obligations upon the party seeking sanctions,

---

[2]The court also takes judicial notice that the district court (Godbey, J.) in *The Cadle Company v. Jack E. Pratt, Sr.* similarly rejected Cadle's argument that service of admonitory letters, rather than a motion (as required by the plain language of Rule 11), complies with Rule 11(c)(1)(A), and denied Cadle's motion for sanctions against Pratt Sr. and Schiro in that case for failure to comply with Rule 11's service requirements. *See* Order at 2.

**Memorandum Opinion and Order - Page 10**

so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions.") (citing with approval *Elliott*, 64 F.3d at 216).   In sum, the court determines that the bankruptcy court did not err in denying Cadle's Motion for Sanctions against Schiro because Cadle failed to comply with the service requirements set forth in Rule 9011(c)(1)(A).  The bankruptcy court's decision should be affirmed on this ground alone.

Alternatively, the court agrees with Appellee that the bankruptcy court's decision should be affirmed since Cadle's Motion for Sanctions Against Schiro was untimely.  The bankruptcy court denied Cadle's motion for summary judgment in the Pratt Jr. Adversary Proceeding on April 8, 2002, which Cadle identifies as one basis for seeking sanctions.  On June 3, 2005, the Fifth Circuit affirming the bankruptcy court decision that Cadle failed to meet its burden of proving that Pratt Jr.'s discharge should be denied, as well as this court's affirmance of the bankruptcy court's decision.  Cadle filed its Motion for Sanctions on July 21, 2005.  The commentary to Fed. R. Civ. P. 11, subpart (c) provides: "Given the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *See also Tompkins*, 202 F.3d at 788 (affirming district court's denial of Rule 11 sanctions in part because "the winning defendants did not file their Rule 11 motion until after trial had concluded, thereby denying the Tompkinses a reasonable opportunity to correct their complaint.").  In this instance, if the court were to allow the motion for sanctions to be filed after conclusion of the case, Schiro would have no reasonable opportunity to correct the pleadings in the Pratt Jr. Adversary Proceeding, a situation squarely at odds with Rule 11's "safe harbor" provision.[3]  Accordingly, as Cadle did not file its

---

[3]Although the court has concluded that the bankruptcy court's decision to deny Cadle's Motion for Sanctions should be affirmed because Cadle failed to comply with the mandatory service provisions of Bankruptcy Rule 9011(c)(1)(A), the court alternatively determines that the bankruptcy court did not clearly err in determining that Cadle had failed to show a violation of Rule 9011. The issue below turned on the credibility of two witnesses, Pratt Sr. and his executive assistant Johnstone, regarding whether they had lied or merely made a mistake regarding the source of the

**Memorandum Opinion and Order - Page 11**

motion for sanctions until after the case had concluded, the court concludes that the bankruptcy court did not clearly err in denying Cadle's Motion for Sanctions Against Richard Schiro.

In sum, having reviewed the bankruptcy court's decision, the record on appeal, the parties' legal briefing and applicable law, the court cannot conclude that the bankruptcy court clearly erred in denying the motion for sanctions.  Accordingly, the decision of the bankruptcy court denying Cadle's Motion for Sanctions Against Richard Schiro should be affirmed.

### B.     The Bankruptcy Court's Award of Attorney's Fees and Expenses to Schiro

Cadle contends that the bankruptcy court's decision to award Schiro attorney's fees and expenses "was not based on any fact or argument that appear in the record" and was therefore "clearly erroneous and an abuse of his discretion." Cadle Appellate Brief at 24.  In its appellate brief, Appellee fails to address Cadle's argument that the bankruptcy court's decision to award attorney's fees and costs to Schiro was an abuse of discretion.  Pointing out Schiro's failure to address this issue in his thirty-five page appellate brief, Cadle contends that "It can only be assumed that [Schiro] concedes the inappropriateness of the award in light of the fact that there is no evidence in the record to support the award." Cadle's Reply Brief at 15.

---

setoff of distributions to Pratt Jr.  The bankruptcy court found, after observing the demeanor of the witnesses and assessing their credibility, that the witnesses made a simple mistake.  This court cannot say that this decision of the bankruptcy court was clearly erroneous.  As set forth above (see supra n.1), the court takes judicial notice that Judge Godbey reached a similar conclusion in the Pratt Sr. Adversary Proceeding.  *See* Findings of Fact and Conclusions of Law at 24, July 26, 2005, *The Cadle Company v. Jack E. Pratt, Sr.* (CA No. 3:03-CV-2273-N) ("It was not until review of documents provided by Cadle's counsel in the course of discovery that Pratt Sr. and Johnstone remembered that the offset in [a spreadsheet prepared by Pratt Sr. indicating the various beneficiaries and the calculations of their distribututions] was the Estate Advances, not the CA Pratt Advances.  Johnstone attributed the confusion to human error; the Court accepts Johnstone's explanation.").  Moreover, with regard to Cadle seeking sanctions against Schiro for not bringing the information to the attention of the courts which presided over the Pratt Jr. Adversary Proceeding (including this court), Cadle has failed to cogently explain how Pratt Sr.'s change in testimony in the Pratt Sr. Adversary Proceeding regarding the source of the setoff (namely, whether distributions to Pratt Jr. were setoff by the CA Pratt Advances or the Estate Advances) was material to the outcome in the Pratt Jr. Adversary Proceeding.  In light of these circumstances, the court determines that the bankruptcy court's denial of Cadle's Motion for Sanctions on the merits was not clearly erroneous.

This court reviews a bankruptcy court's imposition of sanctions under its inherent power for abuse of discretion, similar to an appellate court reviewing a trial court's imposition of sanctions under its inherent power. *See generally Dawson v. United States,* 68 F.3d 886, 895 (5th Cir.1995); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 55 (1991). [T]he threshold for the use of inherent power sanctions is high." *Elliott,* 64 F.3d at 217. The inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *Chambers,* 501 U.S. at 42 (quoting *NASCO, Inc. v. Calcasieu Television and Radio, Inc.*, 894 F.2d 696, 702 (5th Cir.1990)). The Fifth Circuit has stated in considering its review of a trial court's imposition of sanctions under its inherent power, where the inherent power is involved, "our review is not perfunctory. " *Dawson,* 68 F.3d at 896 (citation omitted).

At the conclusion of the hearing, the bankruptcy court awarded Schiro recovery of his attorney's fees and costs, stating "Mr. Schiro is entitled to his reasonable expenses and attorneys' fees in representing himself and defending the Rule 11 motion." The bankruptcy court subsequently entered its order for sanctions. No evidence attesting to the necessity of the time expended for services rendered or veracity of attorney's fees and expenses appears in the record. The bankruptcy judge did not afford Cadle the right to examine, question or provide argument against the claimed fees and expenses. The bankruptcy court signed the sanctions order, as submitted by Schiro, on December 23, 2005, the same day it was submitted. From this meager record, and the lack of opportunity provided to Cadle to oppose the request (at least insofar as this court can tell from the record), the court is unable to determine whether the amount of attorney's fees and expenses awarded Schiro were necessary and reasonable, or even warranted. Accordingly, the court concludes that the bankruptcy court abused its discretion by awarding attorney's fees and expenses

to Schiro. The award is hereby reversed and remanded for further proceedings consistent with this opinion.

## IV.      Conclusion

For the reasons stated herein, the bankruptcy court's December 23, 2005 Order on Sanctions is **affirmed in part and reversed in part**. The court **affirms** the bankruptcy court's denial of Cadle's Motion for Sanctions Against Richard Schiro, and **reverses** the bankruptcy court's decision to award attorney's fees and expenses to Richard Schiro. The bankruptcy court decision to award attorney's fees and expenses to Richard Schiro is hereby **remanded** to the bankruptcy court to determine whether the award is warranted and, if so, whether the amounts requested by Schiro for attorney's fees and expenses are reasonable and necessary.

The parties shall bear their own costs with respect to this appeal. Pursuant to Bankruptcy Rule 8016(a), the clerk of the court is hereby directed to "prepare, sign, and enter judgment" in accordance with the court's Memorandum Opinion and Order.

**It is so ordered**, this 16th day of March, 2007.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge